PER CURIAM.
The order on appeal vacates the prior order granting partial summary judgment for Appellants, Paletti. That vacated order had been entered some 2-1/2 years earlier by a prior judge in the case. The successor judge, acting sua sponte, vacated the prior order granting summary judgment without statement of any specific grounds. At the time the vacating order was entered, the pleadings had not been further amended and no new facts had been presented to the successor judge. Following a bench trial, the successor judge entered final judgment in favor of Appellees.
The parties do not dispute that Judge Bembry, the successor judge, had authority to vacate the partial judgment in the instant case.[1] Appellants contend, however, that the prior order was correct and that Judge Bembry’s action in setting it aside, without notice and without any change in facts or pleading, constituted an abuse of discretion. We agree.
We also agree with Appellants that the final judgment entered following vacation of the prior order is erroneous. That judgment rules that Appellants had failed to perform under the terms of the contract for purchase of property, despite the inability of the sellers to deliver marketable title. The trial court ruled that Appellants were on constructive notice of the title encumbrance, a restrictive covenant on the use of the property, at the time they signed the contract to purchase, and would be deemed to have waived objection to the restriction.
The rule applicable to executory contracts for sale of real property, however, is to the contrary. See, e.g., 44 Fla. Jur.2d, Real Property Sales and Exchanges, § 67 (1996). Were the theory of constructive notice applicable, virtually no would-be purchaser could require a seller to deliver clear title because, by signing the contract to purchase, the purchaser would automatically be deemed to know of all record title problems and waive objection to them. We also note that here, the contract as *345 signs Appellees the obligation of clearing such encumbrances and delivering marketable title. In conclusion, Appellants cannot be deemed to have waived the title defect in the instant case, and the trial court erred as a matter of law in determining otherwise.
Accordingly, we reverse the final judgment, reinstate the order of partial summary judgment erroneously vacated by the successor judge,[2] and remand for further proceedings consistent with this opinion.
BOOTH, ALLEN and BROWNING, JJ., CONCUR.

. Tingle v. Dade County Board of County Commissioners, 245 So.2d 76, 78 (Fla.1971), in part as follows:
[w]hile a judge should hesitate to undo his own work, and should hesitate still more to undo the work of another judge, he does have, until final judgment, the power to do so and may therefore vacate or modify the interlocutory rulings or orders of his predecessor in the case. This "code” of restraint is not based solely on the law of the case but is founded upon considerations of comity and courtesy.
Accord, In Holman v. Ford Motor Co., 239 So.2d 40, 43 (Fla. 1st DCA 1970).

. We note that in Paletti v. Corbin, 717 So.2d 1056 (Fla. 1st DCA 1998), this court granted Appellants’ petition for writ of prohibition and directed Judge Bembry to enter an order of recusal from further presiding over this case.