[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2010
JOHN LEY
CLERK

No. 09-11532
Non-Argument Calendar
_____

D. C. Docket No. 06-61127-CV-WPD


RAFAEL A. LLOVERA LINARES,

                                                  Plaintiff-Appellant,

versus

ARMOUR CORRECTIONAL HEALTH SERVICES, INC.,
BROWARD COUNTY SHERIFF'S OFFICE,
THE MAIN JAIL BUREAU,
THE NORTH BROWARD BUREAU,
THE SHERIFF'S NORTH JAIL, et. al.,

                                                  Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 6, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Rafael A. Llovera Linares, a pro se prisoner, appeals the grant of summary judgment in favor of Defendants in his civil rights action, 42 U.S.C. § 1983. No reversible error has been shown; we affirm.

We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court. Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 911 (11th Cir. 2007). And we view the evidence in the light most favorable to the non-moving party. Id.

Linares made allegations about the medical care he received after he was processed into the Broward County prison system. When he entered the main jail, he had injuries stemming from his arrest, including gunshot wounds to the abdomen and a broken finger. Linares alleged that, even though he complained many times about the pain in his finger, he never received a splint and received only pain medication. Because of the failure to treat properly the fracture, Linares alleged that his finger now was deformed. He also alleged that he did not receive regular dressings for his wounds, as ordered by doctors. And, Linares alleged that, because of the unsanitary conditions of the prisons, he contracted methicillin-resistant staphylococcus aureus ("MRSA"). Linares raised claims of deliberate

2

indifference to his serious medical needs against medical staff members at Armour Correctional Health Services[1] (the "Medical Defendants") and claims of unconstitutional conditions of confinement against many administrators and officials within the Broward County Sheriff's Office ("BCSO Defendants").

The district court adopted the recommendation of the magistrate judge and granted Defendants' motions for summary judgment. The court concluded that the Medical Defendants were not deliberately indifferent to Linares's medical needs because he received adequate ongoing evaluation, diagnoses, and treatment. And about the BCSO Defendants, the court concluded that Linares showed no causal connection between Defendants and Linares's contraction of MRSA. On appeal, Linares argues that the evidence showed that he had serious medical conditions that the Medical Defendants ignored; and he repeats his allegations against each medical defendant.

To show a constitutional violation based on medical treatment, a plaintiff must first show an objectively serious medical need: a need that has been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and that, "if left unattended, pos[es] a substantial risk of serious harm." Farrow v. West, 320

---

[1]Broward County contracted with Armour to provide medical services to prisoners in its prisons.

F.3d 1235, 1243 (11th Cir. 2003) (internal quotations omitted). And then a plaintiff must show that the prison official acted with deliberate indifference to those needs, which requires (1) subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than mere negligence. Id. at 1245; see also Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (plaintiff must demonstrate that defendants' response to a medical need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law") (citation and quotations omitted).

We agree with the district court that the Medical Defendants did not act deliberately indifferent in treating Linares. Evidence indicated that the Medical Defendants collectively evaluated and treated Linares for his gunshot wounds and broken finger. Although there is evidence that Linares's wounds were not cleaned and dressed every day (as ordered by one of the defendant doctors), the dressing log indicated that, even without daily dressing, his wounds were healing and were not draining. And evidence showed that his gunshot wound never was infected with MRSA. So, because the wound was healing and uninfected, the failure to dress it daily did not show disregard for a serious medical need.

About Linares's finger, the evidence did not demonstrate a serious medical need for a splint. The Medical Defendants regularly evaluated and treated the

4

finger; and a doctor determined -- after an examination and review of the x-ray -- that the finger was not displaced or dislocated and did not require a splint. Linares did not complain of pain or other problems associated with the finger in the days after entering the jail; so, the doctor did not believe that additional treatment was necessary. That a physician's assistant later ordered a splint or that Linares felt that he should have been given a splint earlier demonstrates only a difference of opinion about the proper treatment. See Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether defendants' "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); Hamm v. Dekalb Co., 774 F.2d 1567, 1575 (11th Cir. 1986) (concluding that, where an inmate regularly was examined and treated and the dispute centered on the adequacy of the treatment, no constitutional violation exists).

On his conditions of confinement claim, Linares argues that the BCSO Defendants had actual knowledge of MRSA outbreaks in the prisons; and, because they took no action to correct this problem, they showed indifference to prisoner safety.[2] Prison officials may be liable for denying humane conditions of confinement only if officials know the inmate faces a substantial risk of serious

---

[2]We reject the BCSO Defendants' argument that Linares prematurely filed his brief. See 11th Cir. R. 12-1, 31-1.

harm and disregard that risk by failing to take reasonable measures to abate it.

Farmer v. Brennan, 114 S.Ct. 1970, 1982-83 (1994). A plaintiff also must show

that the constitutional violation caused his injuries. Marsh v. Butler County, Ala.,

268 F.3d 1014, 1028 (11th Cir. 2001).

We agree with the district court that Linares failed to show a causal

connection between the BCSO Defendants and his contraction of MRSA. About

Lieutenant Schlagel of the North Broward Bureau, Linares contracted MRSA

before his transfer there; so, Schlagel caused no harm to Linares based on an

alleged unsanitary condition.[3] And no evidence showed that the other BCSO

Defendants had direct contact with Linares. To the extent the BCSO Defendants

were aware of MRSA problems in the jails, evidence showed that they contracted

with Armour to provide infection control programs and had established protocols

to control and mitigate the spread of MRSA. See Farmer, 114 S.Ct. at 1982-83 (if

the prison official responded reasonably to the risk, even if the harm was not

averted, he may be found free of liability).

The district court made no error in granting summary judgment to the

Medical and BCSO Defendants on Linares's federal claims of deliberate

---

[3]To the extent Linares argues that Schlagel was deliberately indifferent to his medical needs because he had a duty to ensure that Linares received better medical care at a hospital, we reject the argument. Nothing suggests that Schlagel, a shift commander, had authority to transfer Linares to a hospital or knew that his action or inaction put Linares at a substantial risk of harm.

indifference and unconstitutional conditions of confinement. As such, we conclude that the court abused no discretion in declining to exercise supplemental jurisdiction over Linares's remaining state law negligence claims. See 28 U.S.C. § 1367(c)(3).

AFFIRMED.[4]

---

[4]We reject Linares's argument that the district court abused its discretion by failing to grant his many motions for appointment of counsel. The facts and issues in Linares's case were not so complex or novel that he required counsel. See Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (the court should appoint counsel only in exceptional circumstances "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner).