[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2011
JOHN LEY
CLERK

No. 10-14980
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-01469-RWS

JOHNNY C. COOKSEY,

Plaintiff-Appellant,

versus

ATTORNEY W. MICHAEL WATERS,
Ballard, Stephenson & Waters, PC,
ALLAN MAXWELL,
LORA MAXWELL,
ALEXANDER, ROYSTON, HARDMAN & SHINALL, LLP,
Law Firm,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 26, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Johnny Cooksey appeals pro se the district court's order denying his motion for summary judgment, granting summary judgment to three of the defendants, denying his motions to amend his complaint and for injunctive relief, and dismissing the remaining claims for lack of subject-matter jurisdiction. On appeal, Cooksey first argues that the court erred in finding no evidence in the record to support violations of § 1985(3), and erred in granting summary judgment to the defendants. Second, Cooksey contends that the district court should have granted him leave to amend his complaint, as the amendments would not have prejudiced the parties. Finally, Cooksey argues that the district court erred in dismissing his remaining claims against the Maxwells for lack of subject matter jurisdiction.[1]

## I.

Cooksey's first claim is that the district court erred in granting summary judgment to the defendants on his § 1985 and § 1986 claims. We review de novo a district court's grant of summary judgment. Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] Cooksey's brief also includes an argument heading challenging the denial of a motion for injunctive relief, but the argument section of his brief fails to provide any argument on the issue. As Cooksey fails to articulate a challenge to the district court's denial of his motion for injunctive relief, we decline to reach the issue. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (holding that an issue is abandoned if it is not raised in a party's initial brief, even if that party is pro se).

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)).

To bring a 42 U.S.C. § 1985(3) claim, a plaintiff must prove: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Park v. City of Atlanta, 120 F.3d 1157, 1161 (11th Cir. 1997) (per curiam). The Supreme Court has held that a § 1985(3) conspiracy must be motivated by a racial or otherwise class-based, invidiously discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798 (1971).

"The only rights the Supreme Court has expressly declared to be enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude. Conversely, the Supreme Court

has declared the freedom of speech and the rights protected under Title VII insufficient to form the basis of § 1985(3) actions against private conspirators." Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010) (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278, 113 S. Ct. 753, 764 (1993); Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378, 99 S. Ct. 2345, 2352 (1979)) (internal citations omitted). This Court has held that conspiracies to violate property and contract rights, though protected under § 1981, are insufficient to form the basis of a § 1985(3) claim against a private actor. Jimenez, 596 F.3d at 1312.

The court did not err in granting summary judgment against Cooksey because he failed to present sufficient evidence to establish any genuine issues of material fact as to the alleged violations of 42 U.S.C. § 1985(3). Cooksey alleges that the Maxwells conspired with their attorneys to deprive him of access to the easement and to the use of his property, but he has proffered no evidence in support of this allegation. Conclusory allegations of discrimination and conspiracy, without more, are not sufficient to support a civil rights claim at the summary judgment stage. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir.

1984).[2] Moreover, Cooksey has failed to allege the deprivation of a right enforceable under § 1985(3). He alleges the deprivation of 10 rights, some of which are protected under § 1981, but none of which are enforceable under § 1985(3). For all of the foregoing reasons, Cooksey's § 1985(3) claim must fail. Because § 1986 claims are derivative of § 1985 violations, his § 1986 claim also fails. See Park v. City of Atlanta, 120 F.3d 1157, 1159-60 (11th Cir. 1997) (per curiam)

## II.

Cooksey next argues that the district court erred in denying his motion to amend his complaint. We review the denial of a motion to amend a complaint for abuse of discretion, but we review de novo the underlying legal conclusion that a particular amendment to the complaint would have been futile. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam). We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and, therefore, will liberally construe those pleadings. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). At the time that Cooksey filed his motions to amend,

---

[2] It should also be noted that Cooksey's allegations against Attorney Waters and the two law firms do not refute the claims of the lawyers that they were acting within the scope of their legal representation of their clients. We have held that an attorney's conduct within the scope of representation of a client is immune from any allegation of a § 1985 conspiracy. Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003) (per curiam).

5

Fed. R. Civ. P. 15(a)(1) provided, in relevant part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1) (2007). After a responsive pleading was filed, as was the case here, a party could amend its pleading only after obtaining the opposing party's written consent or by obtaining the court's leave to amend. Fed. R. Civ. P. 15(a)(2) (2007). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (citations and quotation marks omitted). However, a district court may properly deny leave to amend under Rule 15(a) if such amendment "would be futile." Id. at 1263. Denial of leave to amend "is justified by futility when the complaint as amended is still subject to dismissal." Id.

As Cooksey concedes on appeal, his first proposed amended complaint was substantially similar to the original complaint, merely rewording the allegations. The new information contained in the first amendment—namely, the identification of specific rights violated by defendants, the allegations that the Maxwells and the lawyers had participated in a lawsuit against the prior owners of an easement over the Maxwells' land, and the allegation that the Maxwells' purpose in installing a fence was to separate Cooksey from the white tenants—would not have helped

6

Cooksey establish a claim under §§ 1985(3) and 1986 because he still lacked any evidence demonstrating conduct by private actors that would be actionable under 1985(3), and because his allegations were still merely conclusory. Likewise, the second proposed amendment, which would have added three new parties, also did nothing to advance Cooksey's contentions. Thus, the district court did not abuse its discretion in denying Cooksey's motions to amend because his proposed amendments were futile. Accordingly, we affirm as to this issue.

III.

Finally, Cooksey argues that the district court erred in dismissing his remaining claims for lack of subject-matter jurisdiction. We review de novo a district court's dismissal of a complaint for lack of subject-matter jurisdiction. Hall v. U.S. Dep't Veterans' Affairs, 85 F.3d 532, 533 (11th Cir. 1996) (per curiam). A federal court may raise the issue of lack of subject-matter jurisdiction on its own initiative at any stage of litigation. Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 1240 (2006). If the court determines that subject-matter jurisdiction is lacking, it must dismiss the complaint in its entirety. Id. at 514, 126 S. Ct at 1244. Furthermore, a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

7

After adjudicating the § 1985(3) and § 1986 claims in favor of the defendants, there were no remaining federal claims before the court. Cooksey appears to argue that he asserted other federal claims, but this Court is unable to find specific articulation of any such claims. Thus, the court properly exercised its discretion to dismiss the remaining claims without prejudice for lack of jurisdiction. Accordingly, we affirm as to this issue.

Upon a thorough review of the entire record on appeal, and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**