Janet **RODRIGUEZ**, Plaintiff,

v.

**CITY OF MIAMI, FLORIDA,**
Defendant.

**Case No. 11–24213–CV.**

United States District Court,
S.D. Florida.

Dec. 4, 2012.

**1328**

Karen Jill Barnet–Backer, John H. Ruiz PA, Lionel Barnet, Law Offices of Lionel Barnet, P.A., Miami, FL, for Plaintiff.

Christopher Allan Green, Miami City Attorney's Office, Miami, FL, for Defendant.

***ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (D.E. 31) AS TO PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIMS, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS TO PLAINTIFF'S SUPPLEMENTAL STATE–LAW CLAIMS, REMANDING PLAINTIFF'S STATE–LAW CLAIMS TO STATE COURT, AND CLOSING CASE***

JOAN A. LENARD, District Judge.

**THIS CAUSE** is before the Court on Defendant City of Miami's Motion for Summary Judgment (D.E. 31), filed September 14, 2012. Plaintiff Janet Rodriguez filed her Response (D.E. 36) on September 28, 2012, and the City filed its Reply (D.E. 37) on October 1, 2012. Having considered the referenced filings, related pleadings, and record, the Court finds as follows.

## I. Facts

Plaintiff is the owner and landlord of an apartment building located at 745 NW 60th Street in Miami, Florida. (*See* Amended Complaint, D.E. 28 ¶ 1.) At some point Plaintiff rented one of her apartments to tenant Tracy Thomas. (Defendant's Statement of Undisputed Material Facts, D.E. 31 ¶ 6.) On December 29, 2009, Thomas called the police reporting that her apartment had been burglarized. (*See id.* ¶¶ 8–10.) City of Miami Police Officer Dashon Yearby responded. (*Id.* ¶ 7.) Upon arriving at the apartment complex, Officer Yearby spoke with Thomas. (*Id.* ¶ 8.) Thomas told Officer Yearby that Plaintiff had broken into her apartment, removed furniture and other items, and thrown them across the street. (*Id.* ¶¶ 9, 10.) Officer Yearby contacted Miami–Dade County to determine whether a writ of possession had been issued for Thomas's apartment. (*Id.* ¶ 13.) The County had no information regarding a writ of possession. (*Id.*) Based on Thomas's statements and the absence of any information concerning a writ of possession, Officer Yearby arrested Plaintiff for burglary and took her into custody. (*Id.* ¶ 14.)

Plaintiff subsequently filed this action against the City of Miami alleging that her arrest and detention were unlawful. Plaintiff initiated her action in the Eleventh Judicial Circuit in and for Miami–Dade County, Florida (*see* State Court Complaint, D.E. 1–3 at 1), and the City removed the action to this Court (*see* Notice of Removal, D.E. 1 at 1). The basis of Plaintiff's claims is unclear, but Plaintiff appears to raise the following four counts against the City: (I) false arrest under Florida state law; (II) false imprisonment under Florida state law; (III) municipal liability under 42 U.S.C. § 1983 for failure to train and/or properly supervise officers; and (IV) municipal liability under 42 U.S.C. § 1983 based on deliberate indiffer-

ence to constitutional rights. (*See* Amended Complaint, D.E. 28 at 4–8; *see also* Motion for Summary Judgment, D.E. 31 at 5–12.) Plaintiff claims that Thomas was a former tenant who had been evicted, that Plaintiff had lawfully entered the subject apartment to remove items inside, and that her ensuing arrest and detention for burglary were unjustifiable. (*See* Amended Complaint, D.E. 28 at 3–4.)

## II. Motion for Summary Judgment

The City now moves for summary judgment. (*See* Motion for Summary Judgment, D.E. 31 at 1.) The City argues that that there is no record evidence supporting Plaintiff's claims of municipal liability under Section 1983. (*Id.* at 5.) The City argues specifically that the record fails to establish any custom or policy that was the moving force behind Plaintiff's alleged constitutional violations. (*Id.* at 6.) The City also argues that sovereign immunity bars Plaintiff's state-law claims of false arrest and false imprisonment. (*Id.* at 8.)

Plaintiff argues in response that there are genuine issues of fact which preclude summary judgment. (*See* Response, D.E. 36 at 5.) Plaintiff further argues, in relevant part, that Officer Yearby "consulted with her supervisor before effectuating the arrest of the Plaintiff, proving that the City engaged in wrongful conduct well within the scope of their employment." (*Id.* at 6.) In connection with her Response, Plaintiff has neither submitted nor cited any record evidence other than her own affidavit recounting the subject incident. (*See* Plaintiff's Aff., D.E. 36–1 at 1.)

## III. Summary Judgment Standard

Summary judgment is appropriate only if it is shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Su-

preme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). The Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

On summary judgment, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1). When a properly supported motion for summary judgment is made, the adverse party cannot rest on mere allegations or denials in its pleading but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## IV. Discussion

### a. Federal Civil–Rights Claims (Counts III and IV)

██ Title 42, United States Code, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 imposes civil liability on any person who, under color of state law, "subjects, or causes to be subjected" a person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The provision provides civil remedies for deprivations of federal rights elsewhere conferred. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

██ To state a claim under Section 1983, a plaintiff must allege facts showing that a person, under color of state law, deprived her of a right protected under the Constitution or laws of the United States. *See Little v. City of North Miami,* 805 F.2d 962, 965 (11th Cir.1986). A person acts under color of state law by acting

with power possessed by virtue of the defendant's employment with the state. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir.1995).

■ A municipality can be a "person" subject to liability under Section 1983, but not under a theory of *respondeat superior.* *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Instead, it is when execution of a Government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. 2018.

■ "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a short-coming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). To establish a "deliberate or conscious choice" or such "deliberate indifference," a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action. *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir.1998).

■ Here the Court finds insufficient evidence to sustain Plaintiff's claims of municipal liability under Section 1983. Plaintiff offers no record evidence indicating that the City knew of a need to train and/or supervise officers in situations like the one at bar, that it chose to take no action, and that its deliberate indifference precipitated violations of Plaintiff's constitutional rights. Plaintiff appears to rest her municipal claims merely on a theory of *respondeat superior,* a non-cognizable basis on which to sustain municipal liability. Accordingly, the Court finds insufficient evidence to support Plaintiff's claims under *Monell* and *Harris,* and the Court grants the City's Motion for Summary Judgment as to Counts III and IV.

**b. Remaining State–Law Claims of False Arrest and Imprisonment (Counts I and II)**

Title 28, United States Code, Section 1367(c)(3) provides that a district court may decline to exercise jurisdiction over supplemental claims if the court "has dismissed all claims over which it has original jurisdiction." The same holds true when the court has disposed of all such claims on summary judgment. *See Finn v. Haddock,* 459 Fed.Appx. 833, 838 (11th Cir. 2012); *Dockens v. Dekalb Cnty. Sch. Sys.,* 441 Fed.Appx. 704, 709 (11th Cir.2011); *Cooksey v. Waters,* 435 Fed.Appx. 881, 885 (11th Cir.2011); *Linares v. Armour Corr. Health Servs., Inc.,* 385 Fed.Appx. 926, 929 (11th Cir.2010); *Hicks v. Moore,* 422 F.3d 1246, 1255 n. 8 (11th Cir.2005); *Michael Linet, Inc. v. Village of Wellington,* 408 F.3d 757, 763 (11th Cir.2005); *Clarity Servs., Inc. v. Barney,* 698 F.Supp.2d 1309, 1317 (M.D.Fla.2010).

As the Court has entered summary judgment against Plaintiff on all claims arising under federal law, the Court in its discretion declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. The Court therefore denies the City's Motion for Summary Judgment as to Counts I and II without prejudice and remands those claims to state court.

**V. Conclusion**

In line with the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant City of Miami's Motion for Summary Judgment (D.E. 31), filed September 14, 2012, is **GRANTED AS TO COUNTS III**

AND IV of Plaintiff's Amended Complaint (D.E. 28);

2. Defendant City of Miami's Motion for Summary Judgment (D.E. 31), filed September 14, 2012, is **DENIED WITHOUT PREJUDICE AS TO COUNTS I AND II** of Plaintiff's Amended Complaint (D.E. 28);

3. Counts I and II of Plaintiff's Amended Complaint (D.E. 28) are **REMANDED** to the Eleventh Judicial Circuit in and for Miami–Dade County, Florida; and

4. This case is now **CLOSED.**