United States Court of Appeals,

Eleventh Circuit.

No. 96-8512.

Sang S. PARK;  Hi Soon Park;  Kwang Jun No;  Jin Soon No, Plaintiffs-Appellants,

v.

 CITY OF ATLANTA;  Maynard Jackson, Individually;  Bill Campbell in his capacity as Mayor of the City of Atlanta;  Eldrin Bell, Individually;  and Beverly Harvard in her capacity as Police Chief of the City of Atlanta, Defendants-Appellees.

Aug. 28, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-CV-952-JOF), J. Owen Forrester, Judge.

Before BLACK, Circuit Judge, RONEY, Senior Circuit Judge, and BURNS[*], Senior District Judge.

PER CURIAM:

This case presents the issue of whether a defendant must be a participant in a § 1985(3) conspiracy for liability to attach under 42 U.S.C. § 1986.  We hold that such participation is not required and remand for further proceedings.

## I. PROCEDURAL HISTORY

Appellants brought suit against the City of Atlanta, the Mayor, and the Chief of Police, claiming violations of four provisions of the civil rights statutes, 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, as well as the Georgia Constitution, state tort law, and various city ordinances.  As the predicate for their federal civil rights claims, Appellants contended that their constitutional rights were violated by Appellees' failure to adequately protect them and their businesses from crowds of demonstrators.  The district court granted summary judgment in favor of Appellees on all federal claims and declined to exercise supplemental jurisdiction over Appellants' state law claims.  We discuss only Appellants' § 1986 and § 1985(3) claims.[1]

---

[*]Honorable James M. Burns, Senior U.S. District Judge for the District of Oregon, sitting by designation.

[1]After carefully considering the other issues raised on appeal, we affirm the district court. *See* 11th Cir. R. 36-1.

## II. FACTS[2]

This case arises from acts occurring during three days of civil unrest that followed the verdict in *People v. Powell,* No. BA 035498 (Cal.Super.Ct.L.A.County, May 30, 1991). In that case, a California jury acquitted several white police officers accused of unlawfully beating Rodney King, an African American suspect. Appellants are the Korean American owners of businesses in a predominately African American community in Atlanta. Sang S. Park and Hi Soon Park owned and operated the Five Star Supermarket. Kwang Jun No and Jin Soon No owned and operated the Star Liquor Store, adjacent to the Five Star Supermarket. Appellants' stores were the only non-African American owned businesses in the area.

Appellants' businesses became a focus of the disorder during the civil unrest. On April 30, 1992, a large group gathered around the store, shouted racial epithets, and broke the windows of both the Five Star Supermarket and the Star Liquor Store. The next day, demonstrators again swarmed the area near Appellants' stores. Though police officers assured Appellants that they were safe, Appellants closed their stores and congregated in an upstairs apartment above the Five Star Supermarket.

That evening, a crowd began throwing rocks and breaking into the grocery and liquor stores. The crowd entered the building, located Appellants, and chased them onto the roof of the grocery store, approximately 15 feet above the street. The crowd threw bricks, rocks, stones, and items stolen from the stores at Appellants. Throughout this attack, the crowd continued to shout racial epithets. A S.W.A.T. team was eventually able to reach and rescue Appellants.

## III. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, with all facts and reasonable inferences therefrom viewed in the light most favorable to the nonmoving party. *Hale v. Tallapoosa County,* 50 F.3d 1579, 1581 (11th Cir.1995). Summary judgment is appropriate only

---

[2]The facts are extracted from the district court order, reported at 938 F.Supp. 836 (1996). We view the facts in the light most favorable to the nonmoving party. *See Hale v. Tallapoosa County,* 50 F.3d 1579, 1581 (11th Cir.1995).

when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## IV. ANALYSIS

A. *Appellants § 1986 Claims*

Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do."[3] 42 U.S.C. § 1986. Section 1986 claims are therefore derivative of § 1985 violations. While we would typically discuss the underlying § 1985 claim first, in this case we find it appropriate to begin our review with the legal issues which grounded the district court's summary disposition of the § 1986 claim.

The text of § 1986 requires the existence of a § 1985 conspiracy. Appellants alleged the existence of two conspiracies: one among Appellees and their agents, and one among members of the crowd. The district court reasoned that because § 1986 is derivative of § 1985, Appellants could

---

[3]The full text of the statute is as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding five thousand dollars damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986.

not establish a violation of § 1986 without establishing a violation of § 1985.[4]  It concluded that

Appellants had failed to demonstrate that Appellees were involved in a § 1985(3) conspiracy and

dismissed the derivative § 1986 claim.

Though we agree with the district court that § 1986 requires a violation of § 1985, it does

not follow that individuals liable under § 1986 must be involved in the § 1985 conspiracy.  We start

with the proposition that there is no reason "not to accord to the words of the statute their apparent

meaning." *Griffin v. Breckenridge,* 403 U.S.88 at 97, 91 S.Ct. 1790 at 1796, 29 L.Ed.2d 338.  While

it is true that § 1986 only provides a cause of action in the existence of a § 1985(3) conspiracy, the

statute does not require that the Appellees' themselves participated in the conspiracy or shared in the

discriminatory animus with members of the conspiracy.  Section 1986 requires only that Appellees

knew of a § 1985 conspiracy and, having the power to prevent or aid in preventing the

implementation of the conspiracy, neglected to do so.  In a similar vein, the Third Circuit recently

explained:

> The text of § 1986 clearly states that neglecting or refusing to prevent a § 1985 conspiracy
> is actionable.  Although discriminatory intent is essential in proving a § 1985(3) conspiracy,

---

[4]Section 1985(3) provides:

> If two or more persons in any State or Territory conspire or go in disguise on the
> highway or on the premises of another, for the purpose of depriving, either
> directly or indirectly, any person or class of persons of the equal protection of the
> laws, or of equal privileges and immunities under the laws;  or for the purpose of
> preventing or hindering the constituted authorities of any State or Territory from
> giving or securing to all persons within such State or Territory the equal
> protection of the laws;  or if two or more persons conspire to prevent by force,
> intimidation, or threat, any citizen who is lawfully entitled to vote, from giving
> his support or advocacy in a legal manner, toward or in favor of the election of
> any lawfully qualified person as an elector for President or Vice President, or as a
> Member of Congress of the United States;  or to injure any citizen in person or
> property on account of such support or advocacy;  in any case of conspiracy set
> forth in this section, if one or more persons engaged therein do, or cause to be
> done, any act in furtherance of the object of such conspiracy, whereby another is
> injured in his person or property, or deprived of having and exercising any right
> or privilege of a citizen of the United States, the party so injured or deprived may
> have an action for the recovery of damages occasioned by such injury or
> deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

4

"it does not follow that a defendant charged under section 1986 with neglecting to intervene in a section 1985(3) conspiracy must personally share the class-based animus."

*Clark v. Clabaugh,* 20 F.3d 1290, 1298 (3d Cir.1994) (quoting 3 Joseph G. Cook & John L. Sobieski, Jr., *Civil Rights Actions,* ¶ 13.10 (1993)).

We concur with the Third Circuit's conclusion that negligence is sufficient to maintain a § 1986 claim. *Id.* We hold that if Appellees knew of a § 1985(3) conspiracy, were in a position to prevent the implementation of that conspiracy, and neglected or refused to prevent it, they are liable under § 1986. *See Waller v. Butkovich,* 584 F.Supp. 909, 943 (M.D.N.C.1984) (recognizing that § 1986 imposes a statutory duty upon police officers, among others, to prevent a § 1985 conspiracy); *Bergman v. United States,* 579 F.Supp. 911, 934-35 (W.D.Mich.1984) (finding that United States violated its statutory duty under § 1986 to prevent a racially-motivated conspiracy to deprive "freedom riders" of the equal protection of the laws, thereby establishing negligence *per se* ); *Symkowski v. Miller,* 294 F.Supp. 1214, 1217 (E.D.Wis.1969) (holding that allegations that police officers witnessed beating and failed to stop it stated a valid cause of action under § 1986).

The district court predicated its grant of summary judgment on its finding that Appellants failed to raise a genuine issue of material fact as to Appellees' involvement in a § 1985(3) conspiracy. It did not address whether the demonstrators were involved in a § 1985(3) conspiracy. Accordingly, it failed to consider whether Appellees' might be liable under § 1986 based on a § 1985(3) conspiracy by members of the crowd; i.e., whether the Appellees knew of the alleged conspiracy and failed to act.

B. *Appellants' Underlying § 1985(3) Claims*

Appellants have alleged a violation of 42 U.S.C. § 1985(3). To state a successful claim, a plaintiff must prove: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Lucero v. Operation Rescue,* 954 F.2d 624, 627 (11th Cir.1992) (*quoting United Bhd.*

*of Carpenters & Joiners, Local 610 v. Scott,* 463 U.S. 825, 828-29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983)).

Appellants first contend that Appellees conspired to withdraw necessary police protection so as to allow the demonstrators to attack Appellants' stores. As Appellants failed to proffer admissible proof of such a conspiracy, the district court properly dismissed Appellants' allegations of a § 1985(3) conspiracy among Appellees and their agents.

Appellants also maintain that the demonstrators were engaged in a § 1985(3) conspiracy that officers proved unwilling to halt. The district court made no ruling as to whether the demonstrators were involved in a § 1985(3) conspiracy. Thus, the court was unable to determine whether the police officers had knowledge of the alleged § 1985(3) conspiracy of the crowd, but neglected or refused to act to prevent its implementation.

Appellees conceded at oral argument that they need not be members of a § 1985(3) conspiracy to be liable for a § 1986 claim. They argue, however, that the result here is the same because Appellants have failed to prove the underlying § 1985(3) violation. Appellees assert that Appellants have not shown that the intent of the alleged conspiracy was to deprive them of a constitutional right of the type protected by § 1985(3). To prove a private conspiracy in violation of the first clause of § 1985(3),[5] "a plaintiff must show, inter alia, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' actions, and (2) that the conspiracy aimed at inferring with rights that are protected against private as well as official encroachment." *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-78, 113 S.Ct. 753, 758, 122 L.Ed.2d 34 (1993) (citations and internal quotations marks omitted).

Concerns that § 1985 might be interpreted into a general federal tort law led to the requirement that the conspiracy be motivated by "some racial, or perhaps otherwise class-based,

---

[5]We note that as Appellants have declined to make the necessary assertions, we decline to consider the second clause of the statute, which addresses conspiracies aimed at "preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws."

6

invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Appellees maintain that Appellants' status as non-African Americans precludes them from the protection of § 1985(3). With that contention we cannot agree. While African Americans who demonstrate a private conspiracy satisfying the test are certainly entitled to § 1985(3) protection, *see id.,* it does not follow that they are the only group entitled to such protection. The crowd's screams of "Kill the Koreans!" support the existence of the requisite discriminatory animus.[6] While we cannot determine from the record whether Appellants have produced adequate evidence of a constitutional deprivation, it is clear that the facts as alleged demonstrate the type of racially discriminatory animus sufficient to invoke the protection of § 1985(3).[7]

The inquiry does not end here, however. Appellants alleged a § 1985(3) conspiracy among private actors. A § 1985(3) private conspiracy requires an intent to deprive persons of a right guaranteed against private impairment. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268, 113 S.Ct. 753, 758, 122 L.Ed.2d 34 (1993) (citing *United Bhd. of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 833, 103 S.Ct. 3352, 3358, 77 L.Ed.2d 1049 (1983)). The statute does not apply to "private conspiracies that are aimed at a right only against state interference, but applies only to such conspiracies as are aimed at interfering with rights ... protected against private, as well as official, encroachment." *Id.* at 278, 113 S.Ct. at 764 (citations and internal quotations omitted). Examples of such rights are the rights guaranteed by the Thirteenth Amendment, *see United States v. Kozminski,* 487 U.S. 931, 942, 108 S.Ct. 2751, 2759, 101 L.Ed.2d 788 (1988), and the right of interstate travel, *see United States v. Guest,* 383 U.S. 745, 759, n. 17,

---

[6]In addition, a jury might conclude that such phrases alerted Appellees to the crowd's invidiously discriminatory animus. A conclusion as to whether the police had knowledge of the alleged § 1985(3) conspiracy may require an in-depth analysis of all of the radio transmissions during the relevant time periods.

[7]The facts of this case do not require us to decide, as several other circuits have, whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable.

86 S.Ct. 1170, 1179, n. 17, 16 L.Ed.2d 239 (1966). By contrast, the right to abortion and the right to free speech are not protected against private infringement by § 1985(3). *See Bray,* 506 U.S. at 278, 113 S.Ct. at 764.

Because the district court did not consider the issue in its totality, we are not able to conduct a meaningful review of the evidence of the constitutional right alleged. It is clear that the Appellants must prove that they suffered from conduct that Congress may reach under its power to protect individual constitutional rights against private encroachment. *See Griffin,* 403 U.S. at 106, 91 S.Ct. at 1800-01.

## V. CONCLUSION

Application of § 1985 and § 1986 creates an inevitable tension. It is imperative that judicious care is taken to avoid interpreting § 1985(3) as a general federal tort law. *See United Bhd. of Carpenters,* 463 U.S. at 834, 103 S.Ct. at 3359. It is as equally important that the civil rights statutes be accorded "a sweep as broad as their language." *Griffin,* 403 U.S. at 97, 91 S.Ct. at 1796. Accordingly, we hold that a party need not be a participant in a § 1985(3) conspiracy to be liable under § 1986.[8] If the Appellees knew of a § 1985(3) conspiracy, were in a position to prevent the implementation of that conspiracy, and neglected or refused to prevent it, they are liable under § 1986. The district court granted summary judgment after considering only one of the two potential § 1985(3) conspiracies alleged. It did not reach two questions fundamental to the resolution of this case: (1) whether the demonstrators were engaged in a § 1985(3) conspiracy, and (2) if so, whether Appellees had knowledge of such a conspiracy and neglected or refused to intervene. We therefore remand to the district court.

REVERSED and REMANDED.

---

[8]We wish to make it clear that we do not decide: (1) whether a conspiracy of any type existed among the demonstrators; (2) whether the Appellees or their agents had knowledge of the alleged conspiracy; and (3) whether a constitutional violation sufficient to maintain a successful claim under § 1985 has been proven.