[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22, 2010
JOHN LEY
CLERK

_____

No. 09-10078
Non-Argument Calendar

_____

D. C. Docket No. 08-00038-CV-1-MMP-AK

FRANK C. JOHNSON, JR.,

Plaintiff-Appellant,

versus

JOHN H. WILBUR,
Individually doing business in
the State of Florida,
SMITH HULSEY BUSSEY,
Doing business in the State of
Florida,
JOEL SETTEMBRINI, JR.,
Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 22, 2010)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Frank Johnson, Jr.*,* pro se, appeals the district court's order dismissing his 42 U.S.C. §§ 1981, 1983, 1985, and 1986 complaint as frivolous and denying his motion for recusal under 28 U.S.C. §§ 144 and 455(a). He reasserts the merits of his civil rights complaint, argues that the district court judge and magistrate judge abused their discretion in failing to recuse themselves, and, without filing a separate petition, asks us to issue a writ of mandamus or prohibition. We AFFIRM.

## I. BACKGROUND

Johnson filed a pro se civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, naming two private attorneys, John H. Wilbur and Joel Settembrini, Jr., and a private law firm, Smith Hulsey & Bussey, as defendants. R1-1 at 1, 4. Johnson alleged that the defendants caused him emotional distress due to their defense of a prior lawsuit filed by Johnson against their clients in state court. Id. at 1-2. After filing the present federal complaint, Johnson moved to proceed in forma pauperis ("IFP"), for oral argument (with an attached memorandum), and for appointment of counsel. R1-2, 3, 6-8.

A magistrate judge entered a report recommending that Johnson's suit be

2

dismissed as "frivolous," that sanctions in the amount of $350 be imposed for "disregarding the previous Orders of this Court requiring that a complaint be accompanied by an affidavit," and that Johnson be identified as an "abusive filer" with the Clerk's Office. R1-11 at 2-3. The magistrate judge elaborated that: (1) Johnson already had been notified in a separate lawsuit that the court did not have jurisdiction over private individuals not acting under color of state law in a civil rights action, and that he should "refrain from inundating the clerk's office with paper"; (2) Johnson had been sanctioned before for "this type of practice" and warned not to file any further complaint unless he paid the monetary sanction, which he only did ten years after the imposition of the sanction; and (3) Johnson was warned not to file anything else until he received an order from the court addressing the present complaint, which he ignored. Id. at 1-2.

Johnson objected to the magistrate judge's report and recommendation. R1-12. He argued that the magistrate judge erred in: (1) improperly recommending dismissal without first holding a hearing on the Rooker-Feldman doctrine,[1] serving summons on all parties, or ruling on Johnson's motion to proceed IFP, id. at 5-6;

---

[1] The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983). The Rooker-Feldman doctrine "provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (citation omitted).

3

(2) finding that a civil rights complaint could not reach private parties who did not act under color of state law, id. at 6-7; (3) failing to recuse himself for bias against Johnson, id. at 7; and (4) failing to hold a hearing regarding appointment of counsel, id. at 8. Johnson also filed other motions and notices, including a motion for recusal of the district judge and magistrate judge. See, e.g., R1-13, 15-18, 26. In the motion for recusal, Johnson alleged that, under 28 U.S.C. § 455, the district court judge and magistrate judge should recuse themselves because defendant Wilbur had died two years before, in 2006, and the remaining defendants failed to notify "the court" of Wilbur's death. R1-26 at 1-2. Johnson did not specify how Wilbur's death or his lack of notice thereof related to the judges' recusal. See id. Johnson attached an unsworn affidavit that did not add anything new in support of the motion. Id. at 3.[2]

The district court adopted the magistrate judge's report and recommendation dismissing with prejudice Johnson's complaint as frivolous, imposing sanctions of $350, and designating Johnson as an abusive filer. R1-29 at 3. The district judge found insufficient reason for recusal under either 28 U.S.C. § 144 or § 455, noting

_____

[2] Johnson's one-page affidavit appears to be incomplete in that it ended with a fragmented sentence and the pagination at the bottom showed that the first page could be "1 of" an unknown number of pages. See R1-26 at 3. The online version of the affidavit is the same. See CM/ECF for U.S. Dist. Ct. for N.D. Fla., case no. 1:08-cv-00038, doc. 26. Because we cannot go outside the record for additional facts, we resolve the ambiguity against Johnson and treat the affidavit as complete. See Conklin v. Cozart, 158 F.2d 676 (5th Cir. 1947) (holding that we "cannot go outside the record for the facts" in reviewing an appeal).

4

that Johnson provided no factual evidence that would "cause anyone to entertain a significant doubt about [the judge's] impartiality in this case." Id. at 1-3. The district court also denied all of Johnson's pending motions. Id. at 3.

On appeal, Johnson reiterates the merits of his civil rights complaint, arguing that the defendants conspired to dismiss his state action and actually inflicted emotional distress. Next, he argues that the district and magistrate judges erred in failing to recuse themselves because they were or should have been aware of unprofessional conduct by defendant Settembrini, Jr., who failed to notify the court of the defendant Wilbur's death in 2006. Also, for the first time on appeal, Johnson contends that the district judge's bias stemmed from his having been "a party to a proceeding in June 12, 1997." Appellant's Brief at 21. Johnson further argues for the first time on appeal that both the district judge and magistrate judge were biased towards him because he proceeded pro se and the defendants were attorneys. Finally, Johnson attaches an unnotarized affidavit alleging bias from the district and magistrate judges.

## II. DISCUSSION

We read the submissions of pro se litigants liberally. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Though we show leniency to pro se litigants, we will not serve as de facto counsel or "rewrite an

otherwise deficient pleading in order to sustain an action." Id.

A. Dismissal of Civil Rights Complaint

We review a district court's sua sponte dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The district court has authority to dismiss an in forma pauperis case if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous if the factual allegations are "clearly baseless," or if it is based on an "indisputably meritless" legal theory. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (quotation marks and citation omitted). Finally, we may affirm a district court's judgment "on any ground that finds support in the record." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (quotation marks and citation omitted).

Title 42 U.S.C. § 1981(a) creates a federal right of action for victims of certain types of racial discrimination: "all persons . . . shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a claim of non-employment race discrimination under § 1981, a plaintiff must allege facts establishing that: (1) he is a member of a racial

6

minority; (2) the defendant intended to discriminate against him on the basis of race; and (3) the discrimination concerned an activity enumerated in the statute. Rutstein v. Avis Rent-A-Car Systems, Inc., 211 F.3d 1228, 1235 (11th Cir. 2000).

The record does not show that the defendants discriminated against Johnson based on his race or prevented him from engaging in a statutorily protected activity. Accordingly, Johnson's 42 U.S.C. § 1981 complaint presents an indisputably meritless legal theory and the district court did not abuse its discretion in dismissing it as frivolous.

A civil rights complaint under 42 U.S.C. § 1983 generally requires a defendant to act under color of state law. 42 U.S.C. § 1983. This requirement excludes "merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quotation marks and citation omitted). A private person may be considered a state actor, however, if: (a) the state coerced or "significantly encouraged" the private person to act; (b) the action was traditionally performed by a state official; or (c) the state was a joint participant in the action. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Here, the record shows that the defendants were private actors whose representation of their clients in state

7

court against Johnson was merely private conduct, that did not come within any of the three exceptions listed above. This claim was likewise based on an indisputably meritless legal theory.

Under 42 U.S.C. § 1985, a party may be liable for, inter alia, conspiring to deprive persons of equal protection of the laws or equal privileges and immunities under the laws. 42 U.S.C. § 1985(3).[3] Where the alleged conspirators are private actors, the plaintiff must show that the conspiracy was aimed at rights constitutionally protected against private impairment. Park v. City of Atlanta, 120 F.3d 1157, 1162 (11th Cir. 1997) (per curiam). These rights include only select "serious constitutional right[s]." Cook v. Randolph County, Georgia, 573 F.3d 1143, 1156 (11th Cir. 2009) (quotation marks and citation omitted). So far, the only rights that the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278, 113 S. Ct. 753, 764 (1993). Under 42 U.S.C. § 1986, a defendant may be liable if he knew of a § 1985 conspiracy and failed to prevent it, despite having the power to do so. Park, 120 F.3d at 1160. "Section 1986 claims are therefore derivative of § 1985 violations." Id. at 1159-60.

---

[3]The first and second sections of 42 U.S.C. § 1985 are clearly inapplicable here.

8

Johnson fails to demonstrate a § 1985(3) conspiracy because he has not shown that the defendants conspired to violate "serious" constitutional rights such as Johnson's right to interstate travel and right against involuntary servitude. See Bray, 506 U.S. at 278, 113 S. Ct. at 764; Cook, 573 F.3d at 1157. Because there was no § 1985 conspiracy to deprive Johnson of his civil rights, his 42 U.S.C. § 1986 complaint is likewise without merit. See 42 U.S.C. § 1986; Carroll, 984 F.2d at 393.

B. Denial of Recusal Motion

We review a judge's decision not to recuse himself for an abuse of discretion. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455. Under the former, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists." Id. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any

9

proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Under § 455(a), a judge has an "affirmative, self-enforcing obligation to recuse himself sua sponte whenever the proper grounds exist." United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Johnson is not entitled to relief under 28 U.S.C. § 144 because he failed to submit with his recusal motion a properly sworn and verified affidavit sufficient for § 144. See United States v. De la Fuente, 548 F.2d 528, 541 (5th Cir. 1977) (rejecting "informal requests for recusal" without an accompanying affidavit as insufficient to comply with 28 U.S.C. § 144). As for 28 U.S.C. § 455, we fail to see how the defendant's failure to notify the state court that his co-defendant had died two years earlier would cause an objective observer to entertain any doubt about the judge's impartiality. See Parker, 855 F.2d at 1524. Accordingly, Johnson failed to show personal bias or prejudice sufficient to meet 28 U.S.C. § 455.

Johnson makes two other arguments for the first time on appeal. He alleges

10

that the district judge was somehow a party to a 1997 proceeding and that both judges were generally biased against pro se appellants. We do not consider an argument not raised in the district court, absent five exceptions not at issue here. F.D.I.C. v. Verex Assurance, Inc., 3 F.3d 391, 395 (11th Cir. 1993). Regardless, the record does not support either contention. Also, because Johnson does not challenge the district court's imposition of the $350 sanction on appeal, he has abandoned such issue. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (any issues not raised on appeal are deemed abandoned). Accordingly, we hold that neither judge committed an abuse of discretion by refusing to recuse.

C. Mandamus

Mandamus relief is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks and citation omitted). Mandamus may not "be used as a substitute for appeal, or to control the decision of the trial court in discretionary matters." Id. (quotation marks and citation omitted).

We decline to treat Johnson's appeal as a petition for writ of mandamus or prohibition because he had an adequate remedy, which he exercised by filing the present appeal challenging the district court's order dismissing his civil rights

11

complaint and denying his recusal motion.  See Christo, 223 F.3d at 1333 n.10 (holding that, although refusals to recuse are reviewable in mandamus, they are also reviewable on appeal).  We do not allow Johnson to substitute the drastic remedy of a mandamus petition for an appeal.

## III.  CONCLUSION

Johnson appeals the dismissal of his civil rights claims and the denial of his motions for recusal.  We hold that neither the dismissal of the civil rights complaints as frivolous nor the denials of Johnson's motions for recusal amounted to abuse of discretion.  Based on a review of the record and Johnson's brief, we affirm the dismissal of his civil rights complaint and denial of his recusal motions.

**AFFIRMED.**