[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12123
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-01582-SLB


CURTIS L. SPARKS, JR.,

                                                        Plaintiff-Appellant,

versus

CONTESSA BELL,
DONALD SCOTT,
KELVIN PALMAR,
JOHN CROCKER,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 8, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Curtis Sparks appeals <u>pro se</u> from the district court's <u>sua sponte</u> dismissal of his civil rights case brought under 42 U.S.C. §§ 1983 and 1985.  Sparks brought claims against several defendants connected to a physical altercation that Sparks had with another passenger while riding a public bus in Alabama in 2009, and Sparks's state court action arising from that altercation.  The district court dismissed his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) for frivolity and failure to state a claim upon which relief could be granted.  On appeal, Sparks argues that he stated a cognizable claim because he demonstrated that the defendants participated in a racially motivated conspiracy to commit perjury at his state court trial, and in doing so deprived Sparks of his constitutional rights to a fair trial and equal protection of the laws.

We review <u>de novo</u> a district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) and apply the same standards governing dismissals under Federal Rule of Civil Procedure 12(b)(6).  <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).  We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  <u>Mills v. Foremost Ins. Co.</u>, 511 F.3d 1300, 1303 (11th Cir. 2008).  To survive dismissal, the plaintiff's complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Naked assertions without further factual enhancement and "[t]hreadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  We liberally construe pro se pleadings, and hold them to a less stringent standard than pleadings drafted by an attorney.  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam).

We review a district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i) for abuse of discretion.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  The district court has a range of choice in exercising its discretion, and we will not disturb its decision if it stays within the range of reasonableness and is not influenced by a mistake of law.  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).  "A claim is frivolous if it is without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

To maintain a § 1983 action, the plaintiff must allege conduct that was "committed by a person acting under color of state law and must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990).  A plaintiff may state a claim under § 1983 for conspiracy to violate constitutional rights, which requires that the plaintiff show an agreement by the defendants to violate his rights.  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283–84 (11th Cir. 2002).  The alleged conspiracy must "result[ ] in the actual denial of some

3

underlying constitutional right." Grider v. City of Auburn, 618 F.3d 1240, 1260 (11th Cir. 2010).

A cause of action for conspiracy to interfere with civil rights is also cognizable under §§ 1985(2) and (3). See 42 U.S.C. § 1985. Section 1985(2) provides a cause of action for a conspiracy to impede, hinder, obstruct, or defeat justice "with intent to deny any citizen the equal protection of the laws." Id. § 1985(2). Section 1985(3) provides a cause of action for a conspiracy to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws." Id. § 1985(3). A claim under either section requires a showing that a racial or class-based animus motivated the conspirators' actions. See Chavis v. Clayton Cty. Sch. Dist., 300 F.3d 1288, 1292 (11th Cir. 2002) (§ 1985(2) claims); Park v. City of Atlanta, 120 F.3d 1157, 1161 (11th Cir. 1997) (per curiam) (§ 1985(3) claims).

Upon review of the record and consideration of Sparks's brief, we affirm. Viewing the amended complaint in the light most favorable to Sparks, he did not allege facts sufficient to state a plausible claim for relief. He has alleged only unrelated actions taken by each individual defendant in the course of his altercation and subsequent state trial. He has alleged that these actions demonstrated a conspiracy, but he has failed to allege any specific facts in support of this

4

conclusory legal assertion that a conspiracy by the defendants existed.  Sparks has also not stated how the alleged conspiracy deprived him of his constitutional rights.

We therefore affirm the district court's dismissal.  Sparks's motions to introduce new evidence and to correct or amend his appellate brief are also DENIED.

**AFFIRMED.**