[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10470
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00047-MW-CAS

ROSANA BOULHOSA NASSAR,

Plaintiff - Appellant,

versus

FLORIDA DEPARTMENT OF AGRICULTURE,
ADAM H. PUTNAM,
Commissioner,
AL HALLONQUIST,
Florida Department of Agriculture Employee,
FRED SPEAKER,
Florida Department of Agriculture Employee,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 9, 2018)

Before MARTIN, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Rosana Boulhosa Nassar appeals the dismissal of her civil rights complaint for failure to state a claim. Because Nassar failed to allege facts showing that the defendants violated federal law, we affirm.

## I.  BACKGROUND

Rosana Nassar sued the Florida Department of Agriculture ("FDOA"), FDOA Commissioner Adam Putnam, and FDOA employees Fred Speaker and Al Hallonquist, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. She named the individual defendants in their official capacities as officers of the FDOA, which is responsible for issuing licenses to private investigators. Nassar alleged that an abusive family member had hired FDOA-licensed investigators and security officers to conduct near-constant, intrusive surveillance of her, and that the defendants had violated her constitutional rights by refusing to stop the surveillance. She sought declaratory and injunctive relief in the form of an order directing Commissioner Putnam to issue a "cease and desist order" to all licensed investigators in Florida.

According to the complaint, Nassar filed a grievance with the FDOA in March 2011, identifying six private investigators who had followed or watched her at various times earlier that year. Hallonquist investigated Nassar's allegations, and in April 2011, Speaker sent Nassar a letter stating that the FDOA had been unable to confirm any violation of the Florida statutes governing private

2

investigator licensing, and that the department therefore would not "pursue administrative action." Speaker's letter referenced a private investigator named Frank Anderson. According to Nassar, when she called the department and asked who Anderson was, Hallonquist told her that Anderson employed the investigators named in her grievance.

In 2014, Nassar obtained a copy of Hallonquist's May 2011 internal report summarizing his interviews with four of the investigators named in Nassar's grievance and the employer of a fifth investigator. All five witnesses denied ever conducting surveillance of Nassar. Hallonquist's report stated that he was not able to contact Anderson, who had been "charged with several felonies in Orange County, Florida," and whose licenses were "subject to review." Upon further investigation, Nassar learned that Anderson had been convicted of a felony sometime in 2011.

As grounds for her § 1983 and § 1985 claims, Nassar alleged that Speaker and Hallonquist failed to protect her from stalking in violation of her Fourteenth Amendment right "to life, happiness and liberty"; the Privacy Act (5 U.S.C. § 552a); "federal stalking laws," and various Florida statutes. She further claimed that Speaker and Hallonquist committed fraud in Speaker's April 2011 letter by stating that there was no basis for FDOA action against Anderson, when they must have known that Anderson had been convicted of a felony and was therefore

3

barred by Florida law from holding a private investigator's license. Nassar also claimed that Commissioner Putnam violated 42 U.S.C. § 1986 by failing to prevent Hallonquist and Speaker's alleged violations of her rights.

The defendants moved to dismiss Nassar's complaint for failure to state a claim, pursuant to Rule 12(b)(6).[1] The magistrate judge issued a Report and Recommendation recommending that the district court grant the defendants' motions to dismiss Nassar's § 1983 claims because Nassar had failed to allege facts showing the violation of a federal right, and that the court dismiss her § 1985(3) conspiracy claims based on the intracorporate conspiracy doctrine. The Report also concluded that Nassar's claims were barred by the applicable four-year statute of limitations. The district court adopted the Report and dismissed the complaint.

On appeal, Nassar argues that the four-year statute of limitations had not run when she filed her complaint in 2017, because FDOA-licensed investigators

---

[1] The defendants argued that Nassar had failed to allege facts showing the violation of a constitutional right, and that her claims were barred by Florida's four-year statute of limitations. The FDOA also mentioned—in passing—the issue of State sovereign immunity, apparently as an alternative ground for dismissal. If applicable, sovereign immunity—rather than qualified immunity—would also bar Nassar's claims against the individual state officials, because those defendants were sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 362 (1991) ("[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses."). But the defendants have not raised the defense of sovereign immunity in this Court, and because we affirm the dismissal of Nassar's complaint on the merits, we need not reach the question of whether her suit was also barred by sovereign immunity. *See McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1258 (11th Cir. 2001).

continued to "stalk" her through 2016 and each incident of surveillance should be deemed a new violation that restarted the clock. She also argues that the intracorporate conspiracy doctrine should not apply because the defendants' conduct in allowing multiple acts of "stalking" was egregious.

## II. STANDARD OF REVIEW

This Court reviews the grant of a Rule 12(b)(6) motion to dismiss *de novo*, accepting the factual allegations in the complaint as true. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012); *see Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007). To avoid dismissal, the complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The mere possibility of unlawful action is not enough. *Id.* And "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

5

## III. DISCUSSION

### A. 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege facts showing that the defendants, acting under color of state law, deprived her of a right protected by the Constitution or by a federal statute.  42 U.S.C. § 1983; *see Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  Construing her complaint liberally, Nassar claimed that Hallonquist and Speaker violated her Fourteenth Amendment substantive due process rights by failing to protect her from excessive and intrusive surveillance.[2]  But a state official's failure to protect an individual from harm caused by third parties generally does not amount to a substantive due process violation.  *See White v. Lemacks*, 183 F.3d 1253, 1257 (11th Cir. 1999).  Absent a custodial relationship with the State, a plaintiff must show that the state officials' conduct in failing to protect her was "arbitrary or conscience shocking in the constitutional sense" in order to establish a substantive due process violation.  *Id.* (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 128, 112 S. Ct. 1061, 1070 (1992)).  Nassar has not made that showing here; nor has she alleged facts showing that any of the defendants violated any other constitutional right or federal statute.

---

[2] Nassar also claimed that the excessive surveillance violated the Privacy Act and federal stalking laws, but that legal conclusion is not supported by the facts that she alleged.  *See* 5 U.S.C. § 552a (Privacy Act) (governing the management of confidential records maintained by federal agencies); 18 U.S.C. § 2261A (interstate stalking statute) (criminalizing interstate travel or use of interstate commerce "with the intent to kill, injure, harass, or intimidate.").

6

Moreover, in her opening brief on appeal, Nassar made no meaningful argument in response to the district court's conclusion (through the adopted magistrate's Report) that she failed to allege facts supporting a plausible claim that the defendants violated federal law.  Where multiple independent grounds support a district court's dismissal, we will affirm the judgment unless the appellant presents a convincing argument for reversal on each one of those grounds.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (arguments not raised in an appellant's opening brief are deemed abandoned).  Because the failure to show a violation of federal law by the defendants is fatal to Nassar's § 1983 claim, we need not address the district court's conclusion that Nassar's claims were also barred by the applicable statute of limitations.

### B.  42 U.S.C. § 1985(3)

In her § 1985(3) claim, Nassar alleged that Hallonquist and Speaker, acting in their official capacities as FDOA employees, conspired to deny "her rights to be protected from Stalking and Invasion of privacy."  To make out a claim under the first clause of § 1985(3)—the only clause potentially applicable here—a plaintiff must allege facts showing (1) a conspiracy of "two or more persons" (2) with the purpose of depriving "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," and (3) an act in

furtherance of the conspiracy, which (4) causes injury to a person or property or the deprivation of a right.  42 U.S.C. § 1985(3); *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996).  "The second element requires a showing of some 'racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"  *Childree*, 92 F.3d at 1147 (citation and some punctuation omitted).  Nassar's § 1985(3) claim fails on the first two elements.

First, under the intracorporate conspiracy doctrine, the employees of a corporation or government agency cannot form a conspiracy among themselves because the organization and its employees are treated as a single legal actor.  *See Dickerson v. Alachua Cty. Comm'n,* 200 F.3d 761, 767 (11th Cir. 2000).  The intracorporate conspiracy doctrine bars § 1985(3) claims where the only alleged conspirators are government employees who were acting within the scope of their official duties.  *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010).  Here, Hallonquist and Speaker were sued in their official capacities as employees of the FDOA, for actions taken in the course of their employment with the agency.  Their actions are therefore attributed to a single entity—the FDOA—and they cannot form a conspiracy of "two or more persons" under § 1985(3).

Second, "a claim under § 1985(3) requires the proof of invidious discriminatory intent as well as the violation of a serious constitutional right."

8

*Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).  Even assuming that Nassar could show that Hallonquist and Speaker acted improperly in denying her request for a "cease and desist" order, Nassar has not shown—or even alleged—that they did so for any discriminatory purpose.  The district court did not err in dismissing Nassar's § 1985(3) claim.

## C. 42 U.S.C. § 1986

Nassar's sole claim against Commissioner Putnam was brought pursuant to 42 U.S.C. § 1986, asserting that he failed to prevent the alleged constitutional violations by Speaker and Hallonquist.  Section 1986 provides a cause of action against anyone who knows about a § 1985 conspiracy and has the power to prevent the planned unlawful action, but neglects or declines to do so.  42 U.S.C. § 1986; *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997).  To make out a claim under § 1986, therefore, a plaintiff must first allege facts showing the existence of a § 1985 conspiracy.  *Id.* at 1160.  Because Nassar has not stated a claim for relief under § 1985(3), her § 1986 claim against Commissioner Putnam also fails.

## IV. CONCLUSION

We conclude that Nassar failed to state a plausible claim for relief under 42 U.S.C. § 1983, § 1985(3), or § 1986, and, thus, her complaint was properly dismissed by the district court.  Accordingly, we affirm.

9

**AFFIRMED.**