**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 25-12825
Non-Argument Calendar
_____

BRIAN TERRY,
GALINA ROOFENER,

*Plaintiffs-Appellants,*

*versus*

JAMILA MCGEE,
Code Enforcement Division,
JOHN S. TURNER,
THE CITY OF VERO BEACH, FLORIDA,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cv-14403-DMM
_____

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Brian Terry and Galina Roofener, proceeding pro se, appeal from the district court's order dismissing their claims against Jamila McGee, John Turner, and the City of Vero Beach, Florida. In the complaint, the plaintiffs sued pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, bringing a variety of constitutional, fraud and breach of contract claims arising out of a municipal code enforcement dispute. Among other things, they alleged that McGee, a municipal code officer employed by the City of Vero Beach "submitted false affidavits" and "misapplied a municipal code to harass and intimidate Plaintiffs." They further alleged that Turner, the City Attorney, allegedly "breached his fiduciary and professional duty by failing to prevent or correct Defendant McGee's unconstitutional actions." On appeal, the plaintiffs argue that: (1) the district court erred in finding that their amended complaint was a shotgun pleading that failed to state a claim for relief; and (2) the district court abused its discretion in not granting them further leave to amend their complaint and by not considering exhibits they had attached to prior pleadings. After careful review, we affirm.

We review the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo. *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346 (11th Cir. 2025). We review for abuse of discretion the dismissal of a complaint as an impermissible shotgun pleading. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). We review a district court's decision whether to grant further leave

to amend a complaint for abuse of discretion but review de novo the district court's decision that granting leave to amend would be futile. *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 999 (11th Cir. 2021) (granting leave to amend); *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1328 (11th Cir. 2020) (reviewing whether granting leave to amend was futile de novo). A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of fact. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

We hold pro se pleadings to a less stringent standard than counseled pleadings and liberally construe them. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). But both counseled and pro se litigants must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Thus, "a pro se pleading must still suggest that there is at least some factual support for a claim," *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (citation modified), and "we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action," *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). We may affirm on any ground supported by the record. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020).

A district court has inherent authority to control its docket and, in some cases, may dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A district court may dismiss a complaint solely because it is a shotgun pleading. *Id.* Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) bring "multiple claims against multiple defendants without specifying" which defendant is responsible for which acts or omissions. *Weiland*, 792 F.3d at 1321–23. Shotgun pleadings fail to give defendants adequate notice of the claims against them or the grounds on which each claim rests. *Id.*

We use a two-step process to decide whether claims survive Rule 12(b)(6), first determining the pleading requirements for the cause of action, and second, considering whether the complaint's well-pled allegations "plausibly suggest an entitlement to relief." *Caterpillar*, 147 F.4th at 1347 (citation modified). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In so doing, it must include factual allegations sufficient "to raise a right to relief above the speculative level," that is, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). So, drawing on "judicial experience and common sense," we'll deem a claim to be facially plausible if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caterpillar*, 147 F.4th at 1347 (citation modified). Plausible facts "raise a reasonable expectation that discovery could supply additional proof of [a defendant's] liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Courts must accept the allegations in the complaint as true and construe those allegations "in the light most favorable to the plaintiff." *Caterpillar*, 147 F.4th at 1346 (citation modified). Yet we are "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation modified).

Generally, before a district court dismisses a complaint with prejudice, a pro se plaintiff must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (noting that sometimes, further leniency -- or "an extra dose of grace" -- is warranted "in recognition of the difficulty in proceeding pro se" (citation modified)). A district court need not allow amendment in the event of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*,

371 U.S. 178, 182 (1962). Leave to amend is futile if an amended complaint "would still fail at the motion-to-dismiss or summary-judgment stage." *Peterson*, 982 F.3d at 1332. In other words, the question is whether the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief. *Id.*

"[W]hen resolving a motion to dismiss or a motion for judgment on the pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). A document that meets this two-prong test "need not be physically attached to a pleading to be incorporated by reference into it." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). An amended complaint becomes the operative pleading and supersedes all prior complaints, rendering them "a legal nullity." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

The Fifth Amendment protects a citizen's rights against the federal government, not a state government. *Weiland*, 792 F.3d at 1328. In order to state a claim under § 1981, a plaintiff must allege that (1) he is a racial minority, (2) the defendant intended to racially discriminate against him, and (3) the discrimination involved one of the activities listed in § 1981. *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1308 (11th Cir. 2010). For interference with the right to contract, the plaintiff must identify an impaired contractual relationship under which the plaintiff has rights. *Id.* at 1309. To state

a claim under § 1983, the plaintiff must allege: (1) that the defendant deprived him of a right established by the Constitution or a federal law, and (2) the deprivation arose under color of state law. *Andre v. Clayton Cnty, Ga.*, 148 F.4th 1282, 1291 (11th Cir. 2025).

Section 1985 covers conspiracies to interfere with civil rights. 42 U.S.C. § 1985(3); *Childree v. UAP/GA Chem., Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996). Subsection (3) of § 1985 provides a cause of action to victims of a conspiracy to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3). The elements of a § 1985(3) cause of action are (1) a conspiracy, (2) for the purpose of depriving equal protection or privileges and immunities of the law, (3) an act in furtherance of the conspiracy, and (4) a resulting injury to person or property or deprivation of any right or privilege. *Childree*, 92 F.3d at 1146–47. Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. Accordingly, § 1986 claims are derivative of § 1985 violations. *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997).

A municipality cannot be held liable under § 1983 for the actions of its employees under a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a municipality can only be held liable for its official policies. *Id.* Thus, to state

a claim against a municipality, a plaintiff must show the existence of an official policy or "a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Khoury v. Miami-Dade Cnty. Sch. Bd.*, 4 F.4th 1118, 1131 (11th Cir. 2021) (citation modified).  Further, the plaintiff must show that the county policy or custom was the cause of the violation of his constitutional rights.  *Id.*

In dismissing the plaintiffs' third amended complaint, the district court dismissed on two grounds: (1) the complaint was an impermissible shotgun pleading; and (2) it failed to state a claim under Rule 12(b)(6).  Therefore, in order for the plaintiffs to prevail on appeal, they must show that the district court erred on *both* grounds. *Sapuppo*, 739 F.3d at 680.  However, the district court properly dismissed plaintiffs' third amended complaint for failure to state a claim upon which relief could be granted, so we affirm the district court's dismissal of the complaint.

For starters, all of plaintiffs' claims under the Fifth Amendment fail because it protects against violations by the federal government, which defendant City of Vero Beach is not and for which neither defendant McGee nor defendant Turner are agents.  *See Weiland*, 792 F.3d at 1328.  As for plaintiffs' claim under § 1981, they needed to allege intentional racial discrimination and identify a contractual provision under which they had rights.  However, the complaint does not allege either element.  Instead, it makes conclusory statements that the defendants violated the plaintiffs' due

process rights through, among other things, McGee's "false affidavits," which do not state a § 1981 claim. *Iqbal*, 556 U.S. at 678.

As for the § 1983 claim for a deprivation of the plaintiffs' rights under the Fourteenth Amendment, they needed to plausibly allege a right established by the Fourteenth Amendment of which they had been deprived, and that the deprivation of that right happened under color of state law. Again, the plaintiffs failed to provide sufficient plausible allegations that any of their Fourteenth Amendment rights had been violated. They merely asserted in conclusory fashion that McGee's "fraudulent affidavits" subjected the plaintiffs to a deprivation "of their equal protection and due process rights"; that Turner "breached his fiduciary and professional duty by failing to prevent or correct Defendant McGee's unconstitutional actions"; and that the City's "policies, customs and failure in training and oversight exacerbated these constitutional violations." Without providing any specifics about the alleged violations of their equal protection or due process rights, these allegations fail to state a § 1983 claim. *Iqbal*, 556 U.S. at 678; *Monell*, 436 U.S. at 691; *Khoury*, 4 F.4th at 1131; *Caterpillar*, 147 F.4th at 1347; *Andre*, 148 F.4th at 1291.

As for their § 1985 conspiracy claim, the plaintiffs needed to plausibly allege the existence of a conspiracy to deprive them of their constitutional rights, an act furthering that conspiracy, and the resulting injury. As for § 1986, they needed to allege that someone knew of the § 1985 conspiracy and did nothing to prevent it.

Yet their complaint offers no plausible allegations to this effect. Instead, it puts forward only legal conclusions that defendants McGee and Turner conspired with one another, filed false affidavits, defended the veracity of those false affidavits, and were able to do so due to the City's "institutional failures" -- again without any specifics. On this record, the district court did not err in dismissing their complaint for failure to state a claim. *Childree*, 92 F.3d at 1146–47; *Park*, 120 F.3d at 1159–60.

Nor did the district court abuse its discretion in not granting plaintiffs leave to amend. On appeal, the plaintiffs appear to argue that the district court denied their motion to amend their complaint and its attached second amended complaint, but the record says otherwise. In considering the plaintiffs' proposed second amended complaint, the district court denied leave to amend because the second amended complaint was still deficient, yet the court still granted plaintiffs leave to amend *another* amended complaint, constructively being their fourth complaint in the case. This is the operative complaint on appeal, and as we've explained, its allegations fail to state a claim. To the extent the plaintiffs argue that the district court abused its discretion by not granting them leave to amend their answers to a show cause order -- to explain why the amended complaint should not be dismissed -- this argument misses the mark. The relevant document on appeal is the *third* amended complaint, which made their show cause answers irrelevant. Again, as we've noted, the district court allowed them to amend their complaint, so it did not abuse its discretion in failing to do so.

Finally, the district court did not abuse its discretion by not considering documents the plaintiffs attached to prior amended complaints, their proposed amended answers to the district court's show cause order, or their response to the city employees' third motion to dismiss. *Bryant*, 967 F.3d at 1275.  While they were not required to do so, the plaintiffs did not attach any of the documents to their third amended complaint -- the operative complaint -- nor did they explicitly refer to any of the documents in their third amended complaint. *Hoefling*, 811 F.3d at 1277.  Further, the filings were not clearly central to plaintiffs' claims because they contained mostly Terry's and Roofener's reactions and subsequent writings, not the actual underlying alleged deprivation of their rights. *Johnson*, 107 F.4th at 1300.

**AFFIRMED.**