**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13584

Non-Argument Calendar

————————————

JEAN FRANTZ GUILLAUME,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,

DEPARTMENT OF VETERAN AFFAIRS,

OFFICE OF HEARINGS AND APPEALS - SMALL BUSINESS

ADMINISTRATION,

THOMAS MCGRATH,

in his individual and official capacity,

BENJAMIN WARD,

in his individual and official capacity, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23287-MD

————————————

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Jean Guillaume, proceeding pro se, appeals the district court's dismissal of his amended complaint against the U.S. Department of Veterans Affairs, U.S. Small Business Administration, and various officials in both agencies for removing his application as a service-disabled veteran-owned small business under 38 U.S.C. § 8127, with prejudice.  First, he argues that his claims are not barred by sovereign immunity and that the complaint plausibly states claims on which relief could be granted.  Second, he disputes that various claims in his amended complaint constitute shotgun pleadings.  Finally, he asserts that the district court erred in failing to review his amended complaint under the liberal pleading standard afforded to pro se litigants.  For the reasons below, we reject these contentions and affirm the district court's dismissal of his amended complaint with prejudice.[1]

---

[1] We also conclude that Guillaume abandoned Counts V and VIII and the issue of whether the district court erred by identifying "Jean Frantz Guillaume" as the party in interest instead of "Jean Frantz Guillaume DBA Negro American." Counts V and VIII are abandoned because Guillaume failed to address the district court's dismissal of those counts on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  Whether the district court erred by identifying "Jean Frantz Guillaume" as the party in interest is also

The facts are known to the parties; we repeat them here only as necessary to decide the case.

## I

We first consider Guillaume's argument that Counts I and XII—that the federal government violated his First Amendment rights and res judicata, and that Guillaume is entitled to a declaratory judgment against the federal government—are not barred by sovereign immunity. "Sovereign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and we review a district court's grant of a motion to dismiss for lack of subject matter jurisdiction de novo. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007). A dismissal for lack of subject matter jurisdiction is entered "without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). We agree with Guillaume that the district court erred in dismissing Counts I and XII with prejudice, but, for reasons we will explain below, we nevertheless affirm the dismissal because they fail to state a plausible claim.

We may affirm for "any reason supported by the record, even if the district court did not rely on that reason." *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1294 (11th Cir. 2016) (citation modified). "Specifically, where we determine that a district court has erroneously dismissed a complaint on a particular ground, but

abandoned because he raises the issue for the first time on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

has done so without reaching the merits . . . the dismissal of the complaint must nevertheless be affirmed if the complaint fails to state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1137 (11th Cir. 2019) (citation modified). Because we conclude that Counts I and XII fail to state a claim, we affirm the district court's dismissal of Counts I and XII.

We "review *de novo* [a] district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

Counts I and XII fail to state a plausible claim on which relief can be granted. In Count I, Guillaume alleges that the United States violated his First Amendment right of redress and disregarded the principles of res judicata. His First Amendment claim amounts to a conclusory allegation regarding "a violation of his First Amendment right of redress against the Defendant, the United States" that fails to provide enough facts to state a claim to relief that is facially plausible. First Am. Compl. ¶ 24. Under res judicata, a claim is barred by a prior suit if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). Guillaume's case does not qualify for res judicata treatment because his introduction of facts pertaining

to his prior suits involving "Afily8 Government Solutions" indicates that the parties in this lawsuit are not identical to those in his prior suits, and he fails to explain how the cause of action is identical between the current and prior suits. First Am. Compl. ¶¶ 22–27.

Count XII fails to state a plausible claim for relief under the Declaratory Judgment Act. The Declaratory Judgment Act allows federal courts to issue declaratory judgments "upon the filing of an appropriate pleading." 28 U.S.C. § 2201. Because none of his other claims entitle him to relief, as we will explain below, Guillaume does not state a claim under the Declaratory Judgment Act.

## II

We next consider whether Counts II–III, VI–VII, and IX–X state a claim on which relief can be granted. Counts II and III allege violations of Guillaume's rights under the Whistleblower Protection Act; Counts VI and IX allege *Bivens* violations; Count VII alleges a conspiracy under 42 U.S.C. §§ 1985, 1986, and the FCA; and Count X alleges that the removal of documents from his application violated double jeopardy.

Counts II and III do not state a claim on which relief can be granted because Guillaume is not a federal employee. Both are asserted under the Whistleblower Protection Act, which protects federal employees against agency reprisal for whistleblowing activities, 5 U.S.C. § 2302(b)(8), but Guillaume does not allege sufficient facts showing that he is a federal employee. Though he argues that his status as a third-party beneficiary provides him with standing to

sue the United States for breach of contract, he has not alleged sufficient facts to establish standing.

Counts VI and IX fail to provide sufficient facts to plausibly state *Bivens* violations. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. 403 U.S. 388, 397 (1971). Count VI fails to state a plausible *Bivens* violation under the First Amendment because the Supreme Court has been cautious about expanding *Bivens* to new contexts and has consistently rejected the application of *Bivens* to the First Amendment. *See, e.g.*, *Bush v. Lucas*, 462 U.S. 367, 390 (1983); *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").

Count IX alleges a *Bivens* violation against McGrath, Perkins, and Ward for "unreasonably seiz[ing]" four documents to review his eligibility for a government contracting program, First Am. Compl. ¶¶ 104–18, but *Bivens* actions cannot be brought against federal officers in their official capacities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–71 (2001).

Count VII fails to state a claim on which relief could be granted under 42 U.S.C. §§ 1985, 1986, or the False Claims Act. Section 1985 provides plaintiffs with a remedy against conspiracies to interfere with their civil rights. 42 U.S.C. § 1985. Section 1986 is a derivative claim under § 1985 and, where there is no underlying conspiracy to support a § 1985 claim, the derivative § 1986 claim

must also fail. *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997); 42 U.S.C. § 1986. Guillaume alleges a repetitive and confusing list of actions by McGrath, Ward, Titus, and Perkins; he fails to state a claim under § 1985 or § 1986 because his list comprises conclusory statements that assume the defendants had conspired with each other without providing facts that plausibly state such a claim.

Count VII also fails to state a claim under the False Claims Act because Guillaume's allegations do not assert any specific fraudulent claim with particularity. A claim under the FCA "must state with particularity the circumstances constituting fraud or mistake." *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). A claim has sufficient particularity if it "sets forth facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id.* (citation modified).

Count X fails state a claim under the Double Jeopardy Clause. The Double Jeopardy Clause applies only to *criminal* punishments, and it provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *Hudson v. United States*, 522 U.S. 93, 98–99 (1997). A civil penalty can qualify as a criminal punishment only if it is "so punitive either in purpose or effect" that it is transformed into a "criminal penalty." *Cole v. Dep't of Agric.*, 133 F.3d 803, 806 (11th Cir. 1998). Guillaume's allegation that documents he had submitted for his application to the Veterans First Contracting Program

were removed is not a criminal punishment—or sufficiently punitive to transform into a criminal penalty—and is therefore unrelated to the Double Jeopardy Clause.

## III

We next consider the district court's determination that Counts IV and XI constitute shotgun pleadings. "We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). The abuse-of-discretion standard requires us to "affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).

A shotgun pleading is a complaint that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citation modified). Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc.*, 878 F.3d at 1295 (citation modified). One category of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. But a complaint is not a shotgun pleading if it "can be fairly read to aver that all defendants are responsible for the alleged conduct." *Kyle K. v.*

*Chapman*, 208 F.3d 940, 944 (11th Cir. 2000).  If a court identifies that a complaint is a shotgun complaint, it generally must give the litigant one chance to replead, with instructions on the deficiencies. *Vibe Micro, Inc.*, 878 F.3d at 1296–97.

The district court didn't abuse its discretion in dismissing Counts IV and XI as shotgun pleadings.  Count IV is a shotgun pleading because it failed to specify which defendants were liable for the alleged wrongdoing, which in turn fails to give the defendants adequate notice of the claims against them.  *Weiland*, 792 F.3d at 1323.  Count XI is a shotgun pleading because, even though Guillaume identified particular defendants, he failed to identify which defendants are responsible for which claims, and his allegations in this claim alternately target "Defendant" and "Defendants," creating confusion as to whom he intended to sue for each claim. *Weiland*, 792 F.3d at 1323.  Furthermore, the district court had provided Guillaume with instructions on the deficiencies of his initial complaint, but he failed to cure the deficiencies when given the opportunity to amend.

## IV

We next consider whether the district court failed to construe Guillaume's complaint liberally under the liberal pleading standards afforded to pro se litigants.  When "a more carefully drafted complaint might state a claim, a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citation modified).

But a court needn't grant leave to amend when doing so would be futile. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1091 (11th Cir. 2021).

We conclude that the district court construed Guillaume's complaint liberally, as it referenced the liberal pleading standards for pro se plaintiffs four times in its dismissal order. Because Guillaume has already had two bites at the apple, further opportunities to amend are unlikely to uncover plausible claims upon which relief can be granted. Thus, granting him another chance to amend his complaint would be futile, and dismissal with prejudice is appropriate.

★  ★  ★

Accordingly, we affirm the district court's dismissal of Guillaume's first amended complaint with prejudice.

**AFFIRMED**.